# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0371
Lower Tribunal No. 24-12115-CA-01
_____

**United Healthcare Services, Inc., etc., et al.,**
Petitioners,

vs.

**Benjamin Cousins, M.D., P.A.,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Kristen M. Fiore, BCS (Tallahassee); Akerman LLP, and Irene Bassel Frick (Tampa), for petitioners.

Lauren Luck, P.A., and Lauren J. Luck, for respondent.


Before FERNANDEZ, LOGUE, and GORDO, JJ.

PER CURIAM.

Petitioners seek a writ of certiorari quashing an order requiring them to produce a voluminous number of certain documents. The record before us was sufficient for the trial court to conclude that (1) Petitioners relied upon the data from the documents at issue in their own market data spreadsheet and expert analysis; and (2) Petitioners successfully moved the trial court to compel Respondent to produce the same category of documents in his possession. Finally, most of the affidavits and arguments concerning the burden of producing the documents relied upon by Petitioners were not filed in the trial court until after the hearing on this issue and entry of the order at issue and were only filed as part of a motion to reconsider.

Given the trial court's broad discretion to manage discovery and the high standard for certiorari, we do not see a departure from the essential requirements of law in these circumstances that would warrant issuance of the writ. Racetrac Petroleum, Inc. v. Sewell, 150 So. 3d 1247, 1251 (Fla. 3d DCA 2014) ("Trial courts are accorded broad discretion in the treatment of discovery problems, and such orders reviewed pursuant to a petition for writ of certiorari will not be overturned absent departure from the essential requirements of law.").

Petition denied.